# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# RALEIGH DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Case 22-00101-5-DMW |
| STEPHEN BRADLEY HALFERTY, ) | Chapter 13 |
| ) | |
| *Debtor.* ) | |
| ) | |

## AMENDED CREDITOR EVER-SEAL, INC.'S EX PARTE MOTION FOR SHORTENED NOTICE TIME AND EXPEDITED HEARING IN RESPECT OF ITS EMERGENCY MOTION <u>FOR ENTRY OF AN ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY</u>

NOW COMES Ever-Seal, Inc. ("Ever-Seal"), by and through counsel, and pursuant to Rule 9006 of the Federal Rules of Bankruptcy Procedures and Local Rule 9014-2(b), and respectfully states as follows as and for its *Ex Parte Motion for Shortened Notice Time and Expedited Hearing in Respect of Its Emergency Motion for Entry of an Order Granting Relief from the Automatic Stay*.

1. Ever-Seal respectfully requests that the Court shorten the notice time and hold an expedited hearing on Ever-Seal's *Emergency Motion for Entry of an Order Granting Relief from the Automatic Stay* (the "Stay Relief Motion"), filed contemporaneously herewith and incorporated by reference.

2. Ever-Seal is providing notice of this motion by e-mail service or overnight mail service as set forth in the attached Certificate of Service. Ever-Seal submits that no further or additional notice is required.

3. As explained in the Stay Relief Motion, the Debtor is in violation of an agreement prohibiting the Debtor from competing with Ever-Seal and from using Ever-Seal's confidential information. The Debtor's violation is ongoing: as explained in the Stay Relief Motion and its

130809117.1

exhibits, Ever-Seal is aware of at least 12 jobs the Debtor already has poached from Ever-Seal in violation of the agreement and he continues to attempt to do so. In fact, by way of his company DuraSeal, Debtor is presently competing directly against Ever-Seal by marketing in the same areas and submitting competing bids on the same exact projects.

4. As discussed in the attachments to the Stay Relief Motion, the harm to Ever-Seal resulting from Debtor's breaches and interference is immediate and irreparable such that time is of the essence. As the Sixth Circuit explained: "The loss of customer goodwill often amounts to irreparable injury because the damages flowing from such losses are difficult to compute. [ ] Similarly, the loss of fair competition that results from the breach of a non-competition covenant is likely to irreparably harm an employer." *Basicomputer Corp. v. Scott*, 973 F.2d 507, 512 (6th Cir. 1992). Such irreparable harm to Ever-Seal is continuing and likely to increase given that Ever-Seal's busiest season is approaching in March. As such, an expedited hearing on whether to lift the stay and allow the Tennessee Court to issue immediate injunctive relief is warranted.

5. As also explained in the Stay Relief Motion, a federal court in Tennessee already has scheduled a preliminary injunction hearing in respect of the Debtor's ongoing violations for February 24, 2022.

6. A prompt determination of whether the Debtor's unlawful conduct should be enjoined pending final disposition of the claims is in everyone's best interests. It is in Ever-Seal's interest because the Debtor's conduct has caused and continues to cause Ever-Seal irreparable harm. It is in the Debtor's and in his creditors' interest because it will afford the Debtor and interested parties clarity on his ability to fund a confirmable chapter 13 plan.

WHEREFORE, Ever-Seal, Inc. respectfully requests that the Court enter an order shortening the notice period and ordering an expedited hearing on Ever-Seal, Inc.'s Emergency

Motion for Entry of an Order Granting Relief from the Automatic Stay, and that the Court grant such other and additional relief as the Court deems just and appropriate in the circumstances.

Dated: February 16, 2022.

        Respectfully submitted,

        FOX ROTHSCHILD LLP

        By: /s/ Brian R. Anderson
            Brian R. Anderson
            N.C. State Bar No. 37989
            230 N. Elm St., Suite 1200
            Greensboro, NC 27401
            branderson@foxrothschild.com
            (336) 378-5205

        -and-

        SPENCER FANE LLP

        By: /s/ *Ryan C. Hardy*
            Ryan C. Hardy
            Partner
            1 N. Brentwood Blvd., Suite 1000
            St. Louis, Missouri 63105
            Telephone: (314) 863-7733
            Facsimile: (314) 862-4656
            rhardy@spencerfane.com
            *Attorney for Ever-Seal, Inc.*
            (Notice of Special Appearance Forthcoming)

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
## RALEIGH DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Case 22-00101-5-DMW |
| STEPHEN BRADLEY HALFERTY, ) | Chapter 13 |
| ) | |
| *Debtor.* ) | |
| ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on February 16, 2022, a true and correct copy of the **AMENDED CREDITOR EVER-SEAL, INC.'S EX PARTE MOTION FOR SHORTENED NOTICE TIME AND EXPEDITED HEARING IN RESPECT OF ITS EMERGENCY MOTION FOR ENTRY OF AN ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY** was sent via this Court's ECF notification system to the Bankruptcy Administrator, counsel who have filed a Notice of Appearance, and any party directly affected by the pleading via ECF notification or as specifically addressed below:

*By Electronic Mail to:* William E. Brewer, Jr., wbrewer@sasserbankruptcy.com (counsel to Debtor) and Travis Sasser, travis@sasserbankruptcy.com (counsel to Debtor); and Synchrony Bank, c/o PRA Receivables Management, LLC, Claims_RSMC@PRAGroup.com (per 2002(g) notice at d/e 6) and John F. Logan, Office of the Chapter 13 Trustee, skeighley@ralch13.com.

*By Overnight Mail to:* Attn: Capital One Auto Finance, a division of Capital One, N.A. Department AIS Portfolio Services, LP, Account: XXXXXXXX9524, 4515 N. Santa Fe Ave., Dept. APS, Oklahoma City, OK 73118 (per 2002(g) notice at d/e 10); Stephen Bradley Halferty, 1132 Shadow Lake Dr., Raleigh, NC 27615.

/s/ Brian R. Anderson
Brian R. Anderson

130809117.1